J-A24044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               : PENNSYLVANIA
                                               :
              v.                          :
                                               :
EFRAIN MIRANDA III                  :
                                             :
                 Appellant          : No. 2196 EDA 2020

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004165-2011

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED OCTOBER 18, 2021**

Efrain Miranda III (Miranda) appeals from the order of the Court of Common Pleas of Lehigh County (PCRA court) denying his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

**I.**

**A.**

In April 2011, the Lehigh County Drug Task Force began to investigate Miranda for selling drugs. As part of its investigation, the Task Force used confidential informants (CIs) and consensually recorded phone calls between them and Miranda. Relying in part on these calls, the Task Force applied for

---

[*] Retired Senior Judge assigned to the Superior Court.

a non-consensual wiretap (wiretap) on Miranda's cell phone. After getting judicial approval for the wiretap, the Task Force conducted surveillance of Miranda and saw him sell cocaine to several persons. In August 2011, the Task Force charged him with, among other offenses, over 30 counts of delivering a controlled substance.

After the case was waived to court, the trial court entered a January 5, 2012 protective order stating that "defense counsel may not provide copies, photocopy, display or otherwise disclose or communicate the contents of the discovery provided in this matter." Under the order, though, trial counsel could "discuss the contents of these documents with the Defendant subject to the above limitations."

On July 18, 2012, Miranda pled guilty to ten counts of delivery and one count each of conspiracy and corrupt organizations. On September 6, 2012, the trial court sentenced him to an aggregate term of 12 to 29 years' imprisonment.[1] After his post-sentence motion for modification was denied, Miranda did not file a direct appeal.

---

[1] Though not relevant here, Miranda's sentence was a source of some confusion. He was sentenced to an aggregate total of 9 to 21 years but his "Special Conditions" sheet stated that his sentence was 12 to 29 years. The Department of Corrections (DOC) sought clarification, leading to the trial court restructuring the sentence to 12 to 29 years. Miranda later petitioned to challenge the recalculation of his sentence. The Commonwealth Court denied that petition. *Miranda v. DOC*, 548 M.D. 2019 (Pa. Cmwlth. July 13, 2021) (unpublished memorandum).

**B.**

In July 2013, Miranda filed his first PCRA petition. PCRA counsel was appointed and filed an amended petition. Among other claims, Miranda alleged that trial counsel was ineffective because he "never discussed Discovery nor allowed [Miranda] to look at the Discovery or wiretaps in the case." PCRA counsel, however, did not try to lift the protective order and obtain the wiretap application and affidavit.

At the evidentiary hearing, trial counsel testified that the Commonwealth provided him with discovery on five compact discs, though he also had "paper copies of the affidavits, of the criminal complaint, the warrants, things of that nature." Trial counsel informed Miranda about the protective order and had him come to his office to review the discovery, which included listening to the phone calls intercepted by the wiretap. As to whether he obtained the wiretap documents, trial counsel testified that he got "the disclosure on the wiretaps and the search warrant." He admitted, though, that he did not review all the discovery because Miranda agreed to cooperate with the Commonwealth early in the case.

After the hearing, finding Miranda's claim of ineffectiveness of counsel did not warrant relief because trial counsel obtained the discovery and reviewed it with Miranda, the PCRA court denied the petition. On appeal, we

affirmed. ***Commonwealth v. Miranda***, 116 A.3d 697 (Pa. Super. 2014) (unpublished memorandum).[2]

## C.

Miranda filed this PCRA petition on August 28, 2020. In his petition, Miranda alleged that about week earlier, he received the wiretap documents in the mail from someone he did not know.[3] He asserted that the documents revealed that the evidence obtained through the wiretap should have been suppressed because one of the consensually recorded phone calls in the affidavit stated that the CI consented but there was no indication that (1) the CI gave written consent, or (2) a prosecutor reviewed the facts and believed the consent was voluntary.[4] In Miranda's view, if trial counsel had reviewed the wiretap documents, he would have discovered this purported defect and

---

[2] In December 2017, Miranda filed a second PCRA petition raising a legality of sentence claim. The PCRA court denied the petition and we affirmed on appeal. ***Commonwealth v. Miranda***, 201 A.3d 862 (Pa. Super. 2018) (unpublished memorandum).

[3] Miranda attached the mailer in which he received the documents. The return address lists a man named "Wilson Buchanon" with an Allentown address. Miranda provided no further information about how he obtained the documents.

[4] ***See*** 18 Pa.C.S. § 5704(2)(ii) (providing it is not unlawful and no prior court approval is necessary for interception of communications where one of the parties has consented and, among others, the district attorney or a designated assistant district attorney "has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception").

moved to suppress. By failing to do so, Miranda contended, trial counsel unlawfully induced him into pleading guilty.[5]

Because his petition was untimely, Miranda asserted both the governmental interference and newly-discovered fact exceptions to the PCRA time bar.[6] He claimed that he had continued to request the discovery materials from trial counsel, as well as filing right-to-know requests, formal and informal requests to the trial court, and even a complaint with the Disciplinary Board. According to Miranda, this evidences that he exercised due diligence in trying to obtain the wiretap application and affidavit and could not know of the defect until he received them from an unknown source.

On September 14, 2020, the PCRA court gave notice of its intent to deny the petition under Pa.R.Crim.P. 907. After Miranda responded, the PCRA court formally denied the PCRA petition on October 20, 2020. Miranda timely appealed.

---

[5] For a claim of an unlawfully induced guilty plea, the petitioner must show that the plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii).

[6] 42 Pa.C.S. §§ 9545(b)(1)(i)-(ii).

**II.**

Before addressing the merits of Miranda's petition, we must first determine whether it is timely under the PCRA's jurisdictional time bar.[7] A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

Miranda's sentence became final in October 2012 when he declined to file an appeal after the denial of his post-sentence motion. **See** 42 Pa.C.S. § 9545(b)(3). Because he did not file this petition until August 28, 2020, it is facially untimely. To overcome his untimeliness, he must plead and prove one of the exceptions to the time bar. There are three limited exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[7] Whether a PCRA petition is timely raises a question of law over which our standard of review is *de novo.* **See Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

On appeal, Miranda focuses his timeliness argument on the governmental interference exception under § 9545(b)(1)(i).[8]  Under that exception, the pertinent question is whether the government interfered with the defendant's ability to present his claim and whether he was duly diligent in seeking the facts on which his claim is based.  **See Commonwealth v. Chimenti**, 218 A.3d 963, 975 (Pa. Super. 2019) (citation omitted).

According to Miranda, he could not have obtained the wiretap application and affidavit any sooner because of the protective order restricting his access to the documents.  He recounts that he tried to obtain the documents by continually requesting them from both trial counsel and the trial court and filing right-to-know requests and a complaint with the Disciplinary Board.  He also alleges that the Commonwealth never gave his trial counsel the documents.  Instead, Miranda contends, the Commonwealth provided him with the wiretap conversations but disclosed none of the supporting

---

[8] Miranda also asserts that he satisfied the newly-discovered facts exception but fails to provide any substantive argument.

- 7 -

documents. As a result, he contends that the Commonwealth violated its obligation under **Brady v. Maryland**, 373 U.S. 83 (1963), to disclose all potential exculpatory evidence.

First, Miranda has presented no evidence that the Commonwealth interfered with him reviewing the wiretap documents. To make out a **Brady** violation that falls within the governmental interference exception, Miranda was obligated to plead and prove that the failure to previously raise these claims was the result of interference by government officials. **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006). As noted, while the case was pending, the trial court entered a protective order that trial counsel "may not provide copies, photocopy, display or otherwise disclose or communicate the contents of the discovery provided in this matter." However, under that same order, trial counsel was permitted to "discuss the contents with Defendant subject to the above limitations." The protective order did not limit what discovery the Commonwealth had to provide to trial counsel, nor what trial counsel could discuss with Miranda.

While it is less clear whether trial counsel obtained and reviewed the wiretap documents, we still find no relief due. At the evidentiary hearing on the first petition, trial counsel testified that Miranda began cooperating after being charged, leading to him meeting with the Commonwealth and admitting to making the drug deliveries. **See** N.T., 12/6/13, at 33-34. As a result, Miranda never really discussed going to trial. **Id**. at 35.

This being the case, trial counsel obtained discovery—including the intercepted phone conversations—but apparently did not seek to obtain the wiretap application. At the hearing, trial counsel was asked about the paperwork for the wiretap.

> Q. What I'm saying is, I know in other cases I have had where there's wiretaps there is normally like paper components not necessarily on paper but maybe on CD.
>
> A. No. This is what was provided.
>
> Q. Okay.
>
> A. -- portions of it.
>
> Q. Were you told that there were none or you didn't think you needed to?
>
> A. No, I was not told that there were any and, again, it was one of the things, it was cooperation. It was – there was no need to get it.
>
> Q. So [Miranda] was on the cooperation track, so you felt, "I don't need to go," is that fair?
>
> A. That's fair.
>
> Q. -- to go over every piece of discovery, because he's cooperating.
>
> A. That's absolutely fair.

*Id*. at 43-44.

Even if this were the case, that is different from the Commonwealth willfully or inadvertently suppressing the wiretap application and affidavit. The protective order did not prevent trial counsel from obtaining those documents, and there is no evidence that the Commonwealth would have failed to disclose

- 9 -

them if counsel has specifically sought them out. At most, trial counsel chose not to pursue the wiretap application and affidavit because Miranda was cooperating with the Commonwealth. Simply, there is no evidence that the Commonwealth ever withheld the application and affidavit.

Besides there being no evidence of interference, Miranda was not duly diligent. First, Miranda knew about the wiretap and the trial court's protective order, as trial counsel testified that he informed Miranda about it. **See** N.T., 12/6/13, at 32-33, 39. Second, Miranda is essentially raising the same claim that he raised in his first petition, that is, that trial counsel failed to obtain and review discovery, particularly that pertaining to the wiretap. Despite having appointed PCRA counsel, Miranda never sought to have the trial court lift its protective order and obtain the wiretap documents as part of his claim that trial counsel was ineffective for not reviewing the full discovery. On this point, Miranda offers no argument why he did not seek the documents in his first PCRA, especially since he is essentially raising a similar ineffectiveness claim in this petition based on trial counsel not reviewing discovery.

Despite his purported other efforts, Miranda was not duly diligent in obtaining the documents because he could have tried to obtain them during

the first PCRA petition when he raised essentially the same issue as he does here. The PCRA court did not err in denying relief.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2021

---

[9] Even if we reached the merits of Miranda's petition, we would find no relief due. Miranda's claim hinges on the Task Force not obtaining consent from one of the CIs to record his phone call with Miranda. In the affidavit, however, the Task Force states that the phone call "was recorded in compliance with 18 Pa.C.S. § 5704(a)(2)(ii). **See** Affidavit in Support of Wiretap Application, 7/11/11/ at 7 (attached as Exhibit A to Miranda's PCRA Petition, 8/28/20). Miranda cites no case law for the proposition that this rendered the wiretap application infirm and, thus, subject to suppression. His claim would have been meritless.